UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN T. HOWARD,

    Plaintiff,

v.                                          Case No:   5:14-cv-146-Oc-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court on Plaintiff John T. Howard's Complaint (Doc. 1) filed on March 12, 2014.  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision of the Commissioner is affirmed in part and reversed and remanded in part pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.**    **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do his previous work,

or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

## B.     Procedural History

On July 4, 2011, Plaintiff filed an application for disability insurance benefits, and on August 23, 2011, Plaintiff filed an Amendments to Application asserting an onset date of December 28, 2010. (Tr. at 147-149). Plaintiff's application was denied initially on December 14, 2011, and on reconsideration on January 31, 2012. (Tr. at 68, 81). A hearing was held before Administrative Law Judge Douglas A. Walker on December 3, 2012. (Tr. at 28-56). The ALJ issued a partially unfavorable decision on February 12, 2013. (Tr. at 11-22). The ALJ found Plaintiff not to be disabled prior to July 9, 2012, but found that Plaintiff became disabled on that date, and continued to be disabled through the date of the decision. (Tr. at 22).

On January 9, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. at 1-3). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on March 12, 2014. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 16).

## C.     Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Social Security*, 542 F. App'x 890, 891 (11th Cir. 2013)[1] (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after

2

determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2014. (Tr. at 13). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 13). At step two, the ALJ found that since the alleged onset date of December 28, 2010, Plaintiff suffered from the following severe impairments: degenerative disc disease, obesity, and hypertension. (Tr. at 13). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. at 22).

At step four, the ALJ determined since December 28, 2010, Plaintiff had the residual functional capacity to perform sedentary work, except that Plaintiff was able to lift and/or carry 10 pounds occasionally; sit for a total of 6 hours in an 8-hour workday; stand or walk for a total of 2 hours in an 8-hour workday; and could occasionally bend, stoop, balance, crouch, and crawl.

---

January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

(Tr. at 15). The ALJ found that since December 28, 2010, Plaintiff has been unable to perform his past relevant work as a block mason. (Tr. at 20).

The ALJ found that prior to the established disability onset date, Plaintiff was considered a younger individual. (Tr. p. 20). The ALJ applied the age categories non-mechanically, and considered additional adversities to determine that on July 9, 2012, Plaintiff's age category changed to an individual closely approaching advanced age. (Tr. at 20). The ALJ found that prior to Plaintiff's age category changing, and considering Plaintiff's age, education, work experience, and RFC, the ALJ found there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed from his alleged onset date of December 28, 2010 through July 8, 2012. (Tr. at 21). The ALJ further found that beginning on July 9, 2012, the date Plaintiff's age category changed, and considering Plaintiff's age education, work experience, and RFC, that there were no jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. at 21). The ALJ concluded that Plaintiff was not disabled prior to July 9, 2012, but became disabled on that date, and has continued to be disabled through the date of the decision. (Tr. at 24). The ALJ determined that Plaintiff was disabled beginning on July 9, 2012. This appeal of the ALJ's decision involves a closed period of time from December 28, 2010 through July 8, 2012, during which time the ALJ found that Plaintiff was able to perform sedentary work with limitations, and that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.

### D.   Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390

(1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II.   Analysis**

Plaintiff raises the following four issues on appeal:

1. Even though the ALJ afforded "much weight" to the opinion of Louise Wunsch, M.D., the State agency medical consultant who opined that Plaintiff was limited to less than sedentary work, the ALJ failed to reject or fully incorporate Dr. Wunsch's findings.

2. The ALJ committed reversible error in failing to provide specific reasons for his rejection of Plaintiff's statements regarding the side effects of Plaintiff's medication.

3. The ALJ failed to properly evaluate Plaintiff's subjective complaints.

4. The ALJ erred in using the Medial-Vocational Guidelines for the time period prior to July 9, 2012, and should have obtained the testimony of a vocational expert to assist in determining whether Plaintiff was able to perform other work.

(Doc. 25 at 1).

### A. Whether the ALJ erred in failing to fully incorporate Dr. Wunsch's findings

Plaintiff argues that the ALJ erred in his consideration of the opinion of state agency medical consultant Louise Wunsch, M.D. Plaintiff contends that Dr. Wunsch reviewed the medical records on January 31, 2012. Plaintiff asserts that Dr. Wunsch concluded that Plaintiff had both manipulative limitations and environmental limitations, and that Plaintiff was able to perform less-than-sedentary work. Plaintiff argues that the ALJ gave "much weight" to Dr. Wunsch's opinion that Plaintiff could perform less than sedentary work, yet the ALJ failed to include in Plaintiff's RFC any of the manipulative or environmental limitations that Dr. Wunsch found. Plaintiff argues that the ALJ failed to provide any reasons for rejecting any part of Dr. Wunsch's assessed limitations.

The Commissioner responds that when the ALJ considered Dr. Wunsch's entire opinion, he considered her opinion along with Plaintiff's medical condition as a whole. The Commissioner asserts that the ALJ complied with the Eleventh Circuit's requirement that he state the weight given to physicians' opinions, and properly set forth the reasons why that weight was given. The Commissioner claims that the ALJ's decision shows that the evidence as a whole supports his finding that Plaintiff is capable of performing sedentary work with certain postural limitations. The Commissioner claims that the record as whole does not support any additional postural, manipulative, or environmental limitations. The Commissioner concludes that even if the ALJ erred in failing to address Dr. Wunsch's additional limitations, the error was harmless because the ALJ's decision showed that his rejection of those additional limitations was supported by substantial evidence.

**Dr. Wunsch's Opinion**

Louise Wunsch, M.D. completed a Residual Functional Capacity Assessment on January 31, 2012. (Tr. at 76-78). Dr. Wunsch determined that Plaintiff had exertional limitations. (Tr. at 76). Dr. Wunsch found that Plaintiff was limited to occasionally lifting 10 pounds; frequently lifting 10 pounds; standing or walking for 2 hours; sitting for 6 hours in and 8-hour workday; and pushing or pulling unlimited other than as to the lifting and/or carrying mentioned above. (Tr. at 76). Dr. Wunsch explained that Plaintiff used a quad cane at both his mental and physical consultative appointment, but at his treating physician appointments, he was not using a cane, and his gait was remarked as independent. (Tr. at 76). Dr. Wunsch also noted that Plaintiff had 5/5 Motor Strength in his upper and lower extremities. (Tr. at 76).

Dr. Wunsch found Plaintiff had postural limitations. (Tr. at 76). Plaintiff's postural limitation were as follows: occasionally climbing ramps/stairs; never climbing ladders/ropes/scaffolds; occasionally balancing; occasionally kneeling; occasionally crouching; and occasionally crawling. (Tr. at 76-77). Dr. Wunsch supported her findings of postural limitations by citing to Plaintiff's musculoskeletal pain, cervical spondylosis, degenerative joint disease in the hips, and "CX scarring inf [sic] lingual." (Tr. at 77).

Dr. Wunsch also found that Plaintiff has manipulative limitations. (Tr. at 77). Dr. Wunsch found the following: Plaintiff was unlimited in reaching any direction including overhead; was limited in both hands for handling or gross manipulation; was limited in both hands for fingering or fine manipulation; and was unlimited in feeling or skin receptors. (Tr. at 77). Dr. Wunsch explained her finding by indicating that Plaintiff was "being worked up for" bilateral carpal tunnel syndrome, and bilateral frequent handling and fingering. (Tr. at 77).

7

Dr. Wunsch found that Plaintiff had environmental limitations of avoiding concentrated exposure to extreme cold; avoiding concentrated exposure to extreme heat; avoiding concentrated exposure to humidity; avoiding concentrated exposure to vibrations; and avoiding even moderate exposure to hazards such as machinery and heights.  (Tr. at 77-78).

**ALJ's Decision concerning Dr. Wunsch**

The ALJ considered Dr. Wunsch's opinion along with other State Agency medical and psychological consultants in reaching his decision as to whether Plaintiff was disabled.  (Tr. at 20).  The ALJ found the following as to Dr. Wunsch's opinion:

> State agency medical consultant Dr. Louise Wunsch opined that the claimant can perform less than sedentary work. (Exhibit 3A).  The undersigned grants much weight to the opinion of Dr. Wunsch.  Not only is Dr. Wunsch well versed in the assessment of functionality as it pertains to the disability provisions of the Social Security Act and Regulations, but the opinion is well-supported by medically acceptable clinical signs and laboratory findings, as she sites [sic] to multiple facts from the varying reports, adequately takes into account the claimant's subjective allegations of symptoms, and is consistent with the other substantial evidence contained in the record.
> Thus, after carefully considering the entire record, the undersigned concludes that the claimant's subjective complaints are not as severe or limiting as alleged and would not preclude him from performing work at the residual functional capacity noted above on a regular and continuing basis.  In support of this conclusion, the undersigned references the claimant's own admissions, the lack of significant findings by the consultative examination, the clinical findings of the claimant's treating sources, and the opinion of the State agency medical consultant.

(Tr. at 20).  The ALJ concluded that since December 28, 2010 through July 8, 2012, Plaintiff was able to perform sedentary work with the limitation that Plaintiff was able to lift and/or carry 10 pounds occasionally, sit for a total of 6 hours in an 8-hour workday, stand or walk for a total of 2 hours in an 8-hour workday, and occasionally bend, stoop, balance, crouch, and crawl.  (Tr. at 15).

8

**Analysis**

The ALJ afforded "much weight" to the opinion of Dr. Wunsch. Yet, the ALJ failed to include in Plaintiff's RFC the manipulative limitations found by Dr. Wunsch of handling and fingering; and the environmental limitations of avoiding concentrated exposure to extreme cold; avoiding concentrated exposure to extreme heat; avoiding concentrated exposure to humidity; avoiding concentrated exposure to vibrations; and avoiding even moderate exposure to hazards such as machinery and heights. The ALJ did not only fail to include these limitations in Plaintiff's RFC, but also failed to set forth why he rejected these limitations.

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and based on that determination, decide whether the plaintiff is able to return to his or her previous work. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). Along with the RFC, claimant's age, education, and work experience, are considered in determining whether the claimant can work. *Id.* Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

An ALJ is required to state with particularity the weight he gives to the medical opinions of record and the reasons why. *Shaw v. Astrue*, 392 F. App'x 684, 686 (11th Cir. 2010) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)); *See also McCloud v. Barnhart*, 166 F. App'x 410, 418-19 (11th Cir. 2006). Without such a statement, the reviewing court is unable to determine whether the decision of the Commissioner was supported by substantial evidence. *Id.* (citation omitted). "Generally, the opinions of examining or treating physicians are given more

weight than non-examining or non-treating physicians unless 'good cause' is shown. *Poellnitz v. Astrue*, 349 F. App'x 500, 502 (11th Cir. 2009) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). A doctor's opinion may be discredited when it is contrary to or unsupported by the evidence of record, or the opinion is inconsistent with the doctor's own medical records. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004)). "Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error." *Id.* (citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005)).

In this case, the ALJ did set forth the weight he accorded Dr. Wunsch's opinion. The ALJ afforded "much weight" to her opinion. Not only did he give "much weight" to Dr. Wunsch's opinion, but he also stated: "Not only is Dr. Wunsch well versed in the assessment of functionality as it pertains to the disability provisions of the Social Security Act and Regulations, but the opinion is well-supported by medically acceptable clinical signs and laboratory findings, as she sites [sic] to multiple facts from the varying reports, adequately takes into account the claimant's subjective allegations of symptoms, and is consistent with the other substantial evidence contained in the record." (Tr. at 20).

Even though the ALJ afforded Dr. Wunsch's opinion "much weight" and found her opinion well-supported by the record, the ALJ did not incorporate either the manipulative limitations of handling and fingering, or the environmental limitations of avoiding concentrated exposure to extreme cold; avoiding concentrated exposure to extreme heat; avoiding concentrated exposure to humidity; avoiding concentrated exposure to vibrations; and avoiding even moderate exposure to hazards such as machinery and heights in Plaintiff's RFC.

The Court recognizes that an ALJ is not required to specifically refer to every piece of evidence in his decision. *Newberry v. Comm'r of Soc. Sec.*, 572 F. App'x 671, 672 (11th Cir. July 14, 2014) (citing *Dyer v. Barnhard*, 395 F. 3d 1206, 1211 (11th Cir. 2005)). Further, even if an ALJ failed to assign weight to a portion of a doctor's opinion, the error could be harmless if it is clear that the ALJ's rejection of the inconsistent portion of the doctor's opinion was based on substantial evidence. *Id*.

Beginning with the environmental limitations mentioned by Dr. Wunsch, these limitations were not included in Plaintiff's RFC by the ALJ. Dr. Wunsch found Plaintiff to be limited to avoiding concentrated exposure to extreme cold; avoiding concentrated exposure to extreme heat; avoiding concentrated exposure to humidity; avoiding concentrated exposure to vibrations; and avoiding even moderate exposure to hazards such as machinery and heights. The ALJ determined that Plaintiff was able to perform a full range of sedentary work. Environmental limitations in general do not erode the occupational base for unskilled sedentary occupations. SSR 96-9P, 1996 WL 374185, at *8-9. "Even a need to avoid all exposure to these [environmental] conditions would not, by itself, result in a significant erosion of the occupational base." *Id.* at *9. Thus, even though the ALJ did not include environmental limitations in Plaintiff's RFC, it is unlikely that these limitations would erode the sedentary occupational base. The Court determines that even if the ALJ erred in failing to include environmental limitations in Plaintiff's RFC, the error was harmless. *See Pichette v. Barnhart*, 185 F. App'x 855, 856 (11th Cir. June 21, 2006) (A remand is not warranted when an ALJ commits harmless error).

The Court will next focus on the manipulative limitations found by Dr. Wunsch. Dr. Wunsch determined that Plaintiff was limited in both hands for handling or gross manipulation; and was limited in both hands for fingering or fine manipulation. Unlike environmental

limitations, "[m]ost unskilled sedentary jobs require good use of both hands and the fingers; i.e. bilateral manual dexterity. Fine movements of small objects require use of the fingers; e.g., to pick or pinch. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions." SSR 96-9P, 1996 WL 374185, at *8. A significant manipulative limitation on handling small objects with both hands "will result in a significant erosion of the unskilled sedentary occupational base. . . When the limitation is less significant, especially if the limitation is in the non-dominant hand, it may be useful to consult a vocational resource." *Id.* at 8.

  As stated above, the Court recognizes that an ALJ is not required to specifically refer to every piece of evidence in the record, however, he must explain the weight he gives to "obviously probative exhibits." *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 871 (11th Cir. Feb. 9, 2012) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). In the instant case, the ALJ gave much weight to Dr. Wunsch's opinion, yet failed to mention or refer to the manipulative limitations found by Dr. Wunsch. Dr. Wunsch attributed her findings as to these manipulative limitations to carpal tunnel syndrome. These manipulative limitations are likely to erode the occupational base for sedentary jobs. The Court recognizes that Dr. Wunsch did not specify the exact manipulative limitation or how limited Plaintiff would have been. However, the ALJ did afford Dr. Wunsch's opinion much weight, and the Court cannot determine if the ALJ's ultimate decision that Plaintiff was able to perform a full range of sedentary work is supported by substantial evidence. *See id.*; *But see Johnson v. Barnhart*, 268 F. Supp. 2d 1317, 1321 (M.D. Fla. 2002) *aff'd*, 69 F. App'x 991 (11th Cir. 2003) (When ALJ did not give great weight to doctor's opinion, ALJ not required to include manipulative limitations in RFC because doctor was not specific as to the extent of the limitations). The ALJ gave much

weight to Dr. Wunsch's opinion, but then failed to mention her finding of Plaintiff's manipulative limitations. Manipulative limitations most likely erode the occupational base for sedentary work. The Court is unable to conduct a meaningful judicial review of the ALJ's opinion concerning his conclusion that Plaintiff was able to perform a full range of sedentary work. *Robinson v. Astrue*, 2009 WL 2386058, at *4 (M.D. Fla. Aug. 3, 2009). The Court finds that the ALJ erred in failing to consider Dr. Wunsch's opinion as to Plaintiff's manipulative limitations. The ALJ's opinion that Plaintiff could perform a full range of sedentary work from the onset date of December 28, 2010 to July 8, 2012 was not supported by substantial evidence.

### B. Plaintiff's statements as to side effects of medications

Plaintiff argues that the ALJ erred in failing to credit Plaintiff's complaints concerning the side effects from his medications. Plaintiff claims that he repeatedly complained of the side effects from his medication of drowsiness, dizziness, nausea and burning skin when in the sun. The ALJ found that the "medical evidence does not establish any medication side effects that would result in debilitating limitations." (Tr. at 19). Plaintiff argues that the ALJ erred in his conclusory rejection of Plaintiff's statements concerning the side effects of his medication, and the ALJ provided his own standard of "debilitating limitations" that is not supported in law. Plaintiff asserts that the ALJ is under a duty to determine the effects of prescribed medications on a claimant's ability to work. Plaintiff contends that his medical records support his statements as to the side effects of dizziness (Tr. at 375, 381, 407); tiredness (Tr. at 377); dizziness and nausea (Tr. at 536); dizziness, fatigue and nausea (Tr. at 359, 364); and feeling "zombie" (Tr. at 408). Plaintiff acknowledges that the medical records do not specifically attribute all of these symptoms to Plaintiff's medications.

The Commissioner responds that the ALJ specifically considered any alleged side effect mentioned by Plaintiff of his medications and determined that the medical evidence did not establish that the side effects would result in "debilitating limitations." (Tr. at 19). The Commissioner claims that Plaintiff misinterprets the ALJ's language as setting a new standard when in fact the ALJ's language can be reasonably interpreted to mean that he found the alleged side effects of Plaintiff's medication would not prevent Plaintiff from performing the requirements of sedentary work. The Commissioner claims that a review of the medical evidence shows very infrequent complaints about the side effects of the medication. The Commissioner acknowledges that Plaintiff made complaints, but these complaints were of symptoms and not tied to the medications Plaintiff was prescribed. The Commissioner contends that if these symptoms were side effects of medications, then Plaintiff's physicians would have changed the medications, but they did not.

Plaintiff cites to the record to show side effects to medication. The Court reviewed the cited medical records and finds that Plaintiff did state he was dizzy on October 24, 2011, but did not attribute it to medication. (Tr. at 381).[2] Plaintiff did complain of nausea (Tr. at 364), dizziness and nausea (Tr. at 536), and dizziness, fatigue and nausea (Tr. at 359, 361), but the record is not clear that Plaintiff attributed his symptoms to the side effects of his medication. Plaintiff testified at the hearing that he sleeps two to three hours during the day because he is

---

[2] Plaintiff cites to pages 375 and 407 of the Transcript claiming that Plaintiff had reported dizziness to a doctor. The Court reviewed these pages but failed to find a reference to dizziness. Plaintiff cites to page 377 of the Transcript claiming Plaintiff reported "always tired," and Plaintiff cites to page 408 of the Transcript claiming Plaintiff reported feeling "zombied" but again these pages fail to contain any reference to these alleged side effects. Plaintiff also claims that page 393 of the Transcript contains reference to the side effects of Klonopin, however, that page reference does not contain any reference to Klonopin.

sleepy. (Tr. at 46). Plaintiff stated, "[m]y medication I take, I don't know, it makes me drowsy. My pain pills makes [sic] me drowsy." (Tr. at 46).

An ALJ considers a plaintiff's subjective symptoms when determining whether an impairment limits a plaintiff's ability to work. *Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362, 366 (11th Cir. 2010). Subjective symptoms include side effects of any medication taken by plaintiff. *Id.* In certain circumstances, an ALJ has the duty to develop the record as to an investigation of the side effects of medications. *Id.* Even though an ALJ has a duty to develop the record, this duty does not alleviate a plaintiff's burden to prove that he is disabled. *Id.* A plaintiff must introduce evidence to support his allegations that the side effects of his medication affect his ability to work. *Id.*

In the instant case, Plaintiff has failed to meet his burden that the medication he takes causes side effects that affect his ability to work. The medical records cited by Plaintiff do not support that Plaintiff's symptoms are related to the medication he takes. Plaintiff has not provided sufficient evidence of the limitations caused by Plaintiff's medication to trigger the ALJ's duty to develop the record further. Therefore, the Court finds that the ALJ did not err in finding that the medical evidence did not establish any medication side effects that would result in limitations as to Plaintiff's ability to work.[3]

### C. Vocational Expert

Plaintiff argues that the ALJ erred in failing to obtain the testimony of a vocational expert to determine if Plaintiff was able to perform other jobs in the national economy. Plaintiff contends that even though the ALJ had a vocational expert at the hearing, he relied on the

---

[3] Plaintiff argues that the ALJ erred in setting a standard of "debilitating limitations" when referring to the side effects of Plaintiff's medication on his ability to work. The Court does not find that the ALJ's use of the work "debilitating" has any effect on this Court's decision.

15

Medical-Vocational Guidelines ("grids") to determine that Plaintiff was able to perform other jobs in the national economy prior to July 9, 2012. The Commissioner asserts that the ALJ properly relied on the grids to determine that Plaintiff was not disabled.

There are two avenues by which the ALJ may determine whether the Plaintiff has the ability to adjust to work in the national economy: either (1) by using the grids or (2) by obtaining the testimony of a vocational expert. *Phillips v. Barnhart*, 357 F. 3d 1232, 1239-40 (11th Cir. 2004). An ALJ cannot rely exclusively on grids when Plaintiff is unable to perform a full range of work at a given residual functional level or when a Plaintiff has non-exertional impairments that "significantly limit [his] basic work skills." *Id.* at 1242. "Significantly limit basic work skills" means that the limitations prohibit a plaintiff from performing a "wide range" of work at a given level. *Id.* at 1243. If Plaintiff cannot perform a full range of work at a given level or has non-exertional impairments that prohibit a wide range of work at a given level, the ALJ may use the grids as a framework, but must also introduce independent evidence, preferably through a vocational expert's testimony, of the existence of jobs in the national economy that Plaintiff can perform. *Wolfe v. Chater*, 86 F.3d 1072, 1077-78 (11th Cir. 1996).

The ALJ found that Plaintiff had postural limitations. The ALJ relied on the grids to determine that Plaintiff was "not disabled" finding that Plaintiff's postural limitation do not erode the occupational base for a full range of sedentary work. The Court agrees with the ALJ's conclusion that Plaintiff's postural limitations do not erode the occupational base for a full range of sedentary work. *See* SSR 96-9P, 1996 WL 374185, *8-9; *Rivera v. Comm'r of Soc. Sec.*, 2010 WL 680784, *7 (M.D. Fla. Feb. 24, 2010). This same principal applies to the environmental limitations found by Dr. Wunsch, but not considered by the ALJ. The environmental limitations also do not erode the occupational base for a full range of sedentary work. *Id.* However, as

16

determined above, the manipulative limitations found by Dr. Wunsch were not considered by the ALJ and may erode the occupational base for sedentary work. *Id. See* SSR 96-9P, 1996 WL 374185, *8; *Rivera v. Comm'r of Soc. Sec.*, 2010 WL 680784, at *7. If upon remand, the ALJ finds Plaintiff suffers from manipulative limitations, then the assistance of a vocational expert is warranted.

### D. Evaluation of Plaintiff's subjective complaints

Plaintiff argues that even though the ALJ summarized Plaintiff's medical record, the ALJ erred in making a generic credibility finding that "there is no medical evidence to support that those limitations are debilitating." (Tr. at 16). The Commissioner responds that the ALJ articulated a credibility finding and explained that the medical evidence did not support the level of limitations as alleged by Plaintiff.

The Eleventh Circuit set forth a three-part standard for an ALJ to apply to determine whether a claimant's subjective complaints establish a disability.

> When a claimant attempts to establish a disability through his own testimony about pain or other subjective symptoms, the ALJ must apply a three-part "pain standard." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir.2002). Under that standard, the claimant must present: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) evidence that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Id.*

*Wilson v. Comm'r of Soc. Sec.*, 500 F. App'x 857, 859 (11th Cir. 2012). In this case, the Court will be remanding this action to reconsider the limitations found by Dr. Wunsch. The issues surrounding Plaintiff's credibility relate to the issues on remand and, therefore, the issue as to Plaintiff's credibility cannot be resolved until the ALJ properly considers all of the relevant medical evidence in the record and all of Plaintiff's limitations.

17

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ was supported by substantial evidence as to the issue of the side effects of Plaintiff's medication, but was not supported by substantial evidence as to the remaining issues. Upon remand the Commissioner should reevaluate all of the medical opinions, and reconsider whether Plaintiff is able to perform a full range of sedentary work.

**IT IS HEREBY ORDERED:**

1) The decision of the Commissioner is **AFFIRMED** as to the issue of the side effects of Plaintiff's medication; and **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reevaluate Dr. Wunsch's opinion, reconsider the medical evidence as a whole, and reconsider Plaintiff's subjective complaints to determine if Plaintiff was able to perform sedentary work from the onset date of December 28, 2010 through July 9, 2012. If warranted, the ALJ shall obtain the testimony of a vocational expert.

2) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

3) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

**DONE AND ORDERED** in Fort Myers, Florida on September 28, 2015.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties